UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SIDNEY HAYES, 92-A-0314,

                Plaintiff,

v.

SANDI CHARLES, RICHARD TINBRINK,
et al.,

                Defendants.

**DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**

10-CV-00380(M)

---

        Before me is plaintiff's motion for appointment of counsel [13][1] Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that defendants were deliberately indifferent to his dental condition. Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. §1915(e), arguing that his "imprisonment will greatly limit his ability to litigate" and that "[a] trial . . . will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses" [13], ¶¶2-3.

        There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984). The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major

---

    [1]    Bracketed references are to the CM/ECF docket entries.

proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

Having considered these factors, I conclude that appointment of counsel is not warranted at this time. Since the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to assess. Moreover, plaintiff has not shown that he is incapable of investigating the facts of this case or conducting discovery. Therefore, plaintiff's motion for appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of counsel at a later stage of the case.

However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED.**

Dated: August 29, 2011

JEREMIAH J. MCCARTHY
United States Magistrate Judge